UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration Between

FORESIGHT LUXEMBOURG SOLAR 1 S.À.R.L.
FORESIGHT LUXEMBOURG SOLAR 2 S.À.R.L.
GREENTECH ENERGY SYSTEMS A/S (NOW KNOWN AS ATHENA INVESTMENTS A/S)
GWM RENEWABLE ENERGY I S.P.A.
GWM RENEWABLE ENERGY II S.P.A.

                     Petitioners,

v.

THE KINGDOM OF SPAIN

                     Respondent.

Case No.: 1:19-cv-03171-ER

---

## SECOND DECLARATION OF JAKOB RAGNWALDH

Jakob Ragnwaldh states the following upon penalty of perjury:

1. I am over the age 21 and am competent to make this declaration.

2. I am an attorney duly admitted to practice in Sweden. I am a Partner at the firm of Mannheimer Swartling. I have personal knowledge of the facts set forth herein.

3. I represent Foresight Luxembourg Solar 1 S.A.R.L., Foresight Luxembourg Solar 2 S.A.R.L., Greentech Energy Systems A/S (now known as Athena Investments A/S), GWM Renewable Energy I S.P.A., and GWM Renewable Energy II S.P.A. ("Petitioners") before Swedish courts in connection with The Kingdom of Spain's ("Spain" or "Respondent") efforts to

1

set aside the Award rendered by a tribunal constituted under the auspices of the Stockholm Chamber of Commerce ("SCC") on November 14, 2018.

4. I make this declaration in support of Petitioners' Sur-Sur-Reply to the Kingdom of Spain's Opposition to Petitioners' Petition to Confirm the Arbitral Award as well as Petitioners' Opposition to the Kingdom of Spain's Motion to Stay, to provide this Court with necessary context regarding the Swedish proceedings, and to clarify certain issues raised by Spain in its recent pleadings.

## I.     Court Proceedings in the Svea Court

5. First, I provide clarification regarding the recent proceedings before the Svea Court of Appeals (hereinafter "Svea Court").

6. On February 14, 2019, Spain initiated proceedings in the Svea Court in Sweden seeking to Annul the Award while also requesting, on an *ex parte* basis, that enforcement of the award not be permitted pending adjudication of its annulment petition.

7. On February 21, 2019, the Svea Court issued an order suspending or staying enforcement activity of the Award "until further notice" (hereinafter the "Order"). A true and correct copy of that Order, along with an accompanying English translation, was attached as Exhibit B to my Declaration of May 6, 2019. *See* Dkt. 30-5. The Svea Court issued the Order prior to Petitioners being heard as to the merits of Spain's application.

8. On May 10, 2019, Petitioners submitted their Statement of Defense to the Svea Court of Appeals. The Svea Court has not yet ruled on the merits of Spain's application.

9. The set-aside proceeding could take up to two years from Spain's February 2019 application to be concluded, or until early 2021. This assessment does not include a potential

referral of questions of EU law to the Court of Justice of the European Union ("CJEU"), which would likely prolong the final resolution an additional 18-24 months.

## II.     Stays of Enforcement Under Swedish Law

10. I also provide clarification regarding Swedish law and stays of enforcement of arbitral awards.

11. The Svea Court has previously stayed enforcement of arbitral awards upon application of the party challenging the award only to later affirm the arbitral award. For example, in *PL Holdings S.A.R.L. v. Republic of Poland*, PL Holdings obtained a separate award and a final arbitral award in its favor against Poland connected with the Belgium-Luxemburg Economic Union ("BLEU") and Republic of Poland bilateral investment treaty ("BIT"). The Republic of Poland filed an application to set aside the arbitral awards while simultaneously requesting a stay of enforcement of the final arbitral award.

12. The Republic of Poland obtained a stay of enforcement of the final arbitral award on June 13, 2018. A true and correct copy of that order is attached as **Exhibit A**, along with an accompanying English translation.

13. On February 22, 2019, the Svea Court dismissed the Republic of Poland's application to set aside the arbitral awards, and lifted the stay of enforcement in place. A copy of that decision is attached as **Exhibit B,** along with a publicly available translation in English obtained from the Swedish Arbitration Portal on the website of the Arbitration Institute of the Stockholm Chamber of Commerce. In its decision, the Svea Court dismissed the Republic of Poland's arguments that the *Achmea* decision (*Slowakische Republik v. Achmea B. V.*, CJEU Case C-284/16, Preliminary Ruling, Mar. 6, 2018) should result in the setting aside of an award based on an arbitration agreement concluded between an EU Member State and an investor from another

EU Member State. A true and correct copy of the *Achmea* decision is attached to the Declaration of Amy Frey as Exhibit D. *See* Dkt. 29-4. The Svea Court's ruling in *PL Holdings S.A.R.L. v. Republic of Poland* confirms that in Sweden, public policy is not a reason for setting aside an award issued under intra-EU BITs.

14. Poland appealed the Svea Court's decision and it is currently pending before the Swedish Supreme Court.

15. I also note that public policy is a non-waivable ground for setting aside an arbitral award in Sweden. *See* **Exhibit C**, excerpt from Fredrik Andersson et al, *Procedural safeguards after the award has been rendered*, *in* ARBITRATION IN SWEDEN 165–66 (Johnny Herre, ed., 2011).

### III.   Certain Matters of EU Law and International Law

16. As I noted in my previous declaration, under EU law, courts of EU Member States are empowered to refer certain questions to the CJEU for a preliminary ruling pursuing to Article 267 of the Treaty on the Functioning of the European Union ("TFEU"). A preliminary ruling is a decision of the CJEU on the interpretation of EU law. Preliminary rulings are not self-executing; the court from whom the request for a preliminary ruling originated and to whom the answer is directed has the sole responsibility and authority to implement the preliminary ruling. Thus, even if *Achmea* extended to ECT cases, which, in my view, the decision itself does not indicate to be the case, the CJEU's preliminary ruling would not automatically "invalidate" any agreement to arbitrate intra-EU disputes under the ECT. Only the Svea Court or the Supreme Court can rule that the agreement was invalid, and they have not done so. As of today, therefore, there has been no ruling by any court that the arbitration agreement between Petitioners and Spain is not valid.

17. I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2019 in Hong Kong Special Administrative Region of the People's Republic of China.

_____
Jakob Ragnwaldh