**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In the Matter of the Arbitration Between<br><br>FORESIGHT LUXEMBOURG SOLAR 1 S.À.R.L.<br>FORESIGHT LUXEMBOURG SOLAR 2 S.À.R.L.<br>GREENTECH ENERGY SYSTEMS A/S (NOW KNOWN AS ATHENA INVESTMENTS A/S)<br>GWM RENEWABLE ENERGY I S.P.A.<br>GWM RENEWABLE ENERGY II S.P.A.<br><br>         Petitioners,<br><br>        v.<br><br>THE KINGDOM OF SPAIN<br><br>         Respondent. |

Case No.: 1:19-cv-03171-ER

## MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO TRANSFER

James E. Berger
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: 212-556-2202
Fax: 212-556-2222
New York, New York, 10022
*jberger@kslaw.com*

*Attorneys for Petitioner*

# TABLE OF CONTENTS

I. Preliminary Statement..................................................................................................1

II. Argument .....................................................................................................................2

    A. Venue Before this Court is Proper .....................................................................2

    B. There Are No Compelling Reasons to Transfer this Case to the D.C. Federal Court ........................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*,
No. 14-CV-2792 (SAS), 2014 WL 3778200 (S.D.N.Y. July 30, 2014) ...................5

*City of Perry v. Procter & Gamble Co.*,
No. 15-CV-8051 (JMF), 2016 WL 5416508 (S.D.N.Y. Sept. 28, 2016) .................4

*In re Collins & Aikman Corp. Secs. Litig.*,
438 F. Supp.2d 392 (S.D.N.Y. 2006) ...................................................................7

*Conn. Bank of Commerce v. Republic of Congo*,
440 F. Supp. 2d 346 (D. Del. 2006) .....................................................................2

*Dwyer v. Gen. Motors Corp.*,
853 F. Supp. 690 (S.D.N.Y.1994) ........................................................................6

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,
522 F.3d 271 (2d Cir. 2008) .................................................................................4

*Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*,
403 F.3d 85 (2d Cir. 2005) ...................................................................................7

*Gary Friedrich Enters., LLC. v. Marvel Enters., Inc.*,
No. 08CIV01533(BSJ)(JCF), 2008 WL 4129640 (S.D.N.Y. Sept. 4, 2008) .........6

*Linton v. Airbus Industrie*,
30 F.3d 592 (5th Cir. 1994) ..................................................................................2

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
599 F.3d 102 (2d Cir. 2010) .................................................................................4

*NGC Network Asia, LLC v. PAC Pac. Grp. Int'l. Inc.*,
No. 09 CIV 8684 (PGG), 2010 WL 3701351 (S.D.N.Y. Sept. 20, 2010) .............4

*Polizzi v. Cowles Magazines, Inc.*,
345 U.S. 663, 73 S.Ct. 900 (1953) .......................................................................3

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*,
138 F.3d 65 (2d Cir. 1998) ...................................................................................3

*Starr Indem. & Liab. Co. v. Brightstar Corp.*,
324 F. Supp.3d 421 (S.D.N.Y. 2018) ...................................................................7

*Translinear, Inc. v. Republic of Haiti*,
    538 F. Supp. 141 (D.D.C. 1982)..................................................................................3, 4

*Young v. Starbucks Coffee Co.*,
    No. 01-cv-4566-GEL, 2002 U.S. Dist. LEXIS 2189 (S.D.N.Y. Feb. 8, 2002) ........................5

**Statutes**

9 U.S.C. §§ 201 *et seq.*....................................................................................................6

22 U.S.C. § 1650a..........................................................................................................6

28 U.S.C § 1391.............................................................................................................3

28 U.S.C. § 1391(f).............................................................................................1, 2, 3, 4

28 U.S.C. § 1441(a) .......................................................................................................3

28 U.S.C. § 1441(d) .....................................................................................................2, 3

28 U.S.C. § 1602............................................................................................................2

## I. PRELIMINARY STATEMENT

Spain's motion seeking transfer of this case to the United States District Court for the District of Columbia ("D.C. Court") is meritless. It should be denied. The motion is largely predicated on an incorrect insinuation that venue is somehow "improper" in this District. It is indisputable, however, that Petitioners were entitled to bring this case in the court in which it was brought — the Supreme Court of the State of New York for New York County ("State Court") — that that following Spain's removal of it, it is properly lodged in this Court. Spain devotes an entire section of its argument discussing how the D.C. Court "is the only federal court where this action could have originally been brought," and takes the Court through a discussion of the Foreign Sovereign Immunities Act's ("FSIA") venue provisions that relate to actions filed in federal court. Respondent's Mem. In Support of Motion to Transfer ("Transfer Br."), at 4. That is, however, all besides the point. **This case was not brought in federal court**, and the venue provisions of 28 U.S.C. § 1391(f) do not apply to it. Rather, this case was properly removed to this Court, pursuant to an express command in the FSIA requiring that where an action against a foreign state is removed from state court, removal is to the federal court for the district embracing the state court where it was filed. That is this Court.

Spain's arguments about the how the "goals of convenience and the interests of justice" weigh in favor of transfer are built on a false premise, and are equally unconvincing. Transfer Br., at 5. Spain points to the fact that four other cases against it are pending in the D.C. Court, but as Spain points out, three of those cases are governed by an entirely different legal regime, and subject to a different standard, than this case. Transfer Br., at 2. Furthermore, those four cases are pending before four different judges of the D.C. Court, a fact that undermines any arguments about "efficiency." Transfer Br., at 6. Spain suggests that it "reserves its rights" to seek consolidation of the four cases pending before the D.C. Court, leaving Petitioners and the Court to wonder why,

1

given that the last of those cases was filed over eight months ago, it has not done so already. Transfer Br., at 6, fn. 1. When viewed properly, however, it is clear that there is only one similar matter against Spain pending before the D.C. Court, and when weighed against Petitioners' choice to prosecute this action in New York, neither that fact nor any of the factors governing motions to transfer supports Spain's motion. Petitioners' choice of this forum should be respected, and the case should remain before this Court.

## II. ARGUMENT

### A. Venue Before this Court is Proper

Spain's argument in favor of transfer rests heavily on a suggestion that this case could or should not have been brought in New York to begin with. *See, e.g.* Transfer Br. at 1, 4, 5. That suggestion is baseless, however. It is well-settled that under the FSIA, state and federal courts have concurrent jurisdiction over cases against foreign states. *See* 28 U.S.C. §§ 1602 ("Claims of foreign states to immunity should henceforth be decided by courts of the United States **and of the States** in conformity with the principles set forth in this chapter.") (emphasis supplied), 1604 (conferring immunity in "courts of the United States **and of the States**") (emphasis supplied); *see also Linton v. Airbus Industrie*, 30 F.3d 592, 598 n.32 (5th Cir. 1994) (noting that FSIA provides "statutory grant of concurrent jurisdiction to state courts to resolve FSIA suits"); *Conn. Bank of Commerce v. Republic of Congo*, 440 F. Supp. 2d 346, 349 (D. Del. 2006) ("Federal and state courts possess concurrent jurisdiction under the FSIA pursuant to 28 U.S.C. § 1602. . ."). Petitioners were, therefore, fully entitled to bring this case in the State Court. Spain has not expressly claimed otherwise, nor has Spain claimed that the State Court did not constitute a proper court in New York in which to commence the case.

Despite these clear rules, Spain focuses repeatedly on the fact that under Section 1391(f), the D.C. Court is the "only federal court where [Petitioners] could have [] brought [the action]."

*See* Transfer Br., at 4-5. Whether or not that is true, it is totally besides the point. Spain removed this case, and under 28 U.S.C. § 1441(d), which specifically addresses removal by foreign states, the case is properly before this Court, as it is the United States District Court "**for the district and division embracing the place where such action [was] pending**." 28 U.S.C. § 1441(d) (emphasis supplied). It is beyond argument that this case is properly before this Court.

The Second Circuit has addressed the interplay between the venue provisions of Section 1391(f) and 1441(d), and its ruling confirms the propriety of venue in this Court. In *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65 (2d Cir. 1998), the Second Circuit held that "the removal statute [28 U.S.C. § 1441(a)], and not the ordinary federal venue statute, 28 U.S.C.A. § 1391 . . . governs venue in removed cases," and that "[t]he removal statute provides that venue is proper in 'the district court . . . embracing the place where such action is pending.'" *Id*. at 72 (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S.Ct. 900, 902–03 (1953) and 28 U.S.C. § 1441(a)). "Thus, a party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought, **but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there**." *PT United*, 138 F.3d at 72 (emphasis supplied).

Likewise, in a case bearing a close resemblance to this one, a judge of the D.C. Court refused to accept transfer of a case that had been brought in a Texas state court, and then removed by the foreign state defendant to the U.S. District Court for the Southern District of Texas. In *Translinear, Inc. v. Republic of Haiti*, 538 F. Supp. 141 (D.D.C. 1982), the plaintiff brought suit in the state courts of Texas, and Haiti removed the case to the U.S. District Court for the Southern District of Texas. That court transferred the case to the U.S. District Court for the District of

Columbia, which considered whether the transfer was proper. Haiti argued that venue was improper in the Southern District of Texas under 28 U.S.C. § 1391(f). The court disagreed, noting that 28 U.S.C. § 1391(f) "applies only to actions which **originally** are 'brought' in federal court," and that because "the present case was initially brought in state court and removed to federal court, section 1391(f) does not serve to render venue improper in the Southern District of Texas." *Id*. at 144 (emphasis supplied). The court ultimately held that because the Southern District of Texas represented the federal district "embracing the place where such action is pending," it was "an appropriate forum for venue purposes under section 1441 . . ." *Id*. The same result should obtain in this case.

B. **There Are No Compelling Reasons to Transfer this Case to the D.C. Federal Court**

A party seeking a change in venue has the burden of establishing "by clear and convincing evidence" that a transfer is warranted in order to justify disturbing a plaintiff's choice of forum. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010); *see also NGC Network Asia, LLC v. PAC Pac. Grp. Int'l Inc.,* No. 09 CIV 8684 (PGG), 2010 WL 3701351, at *4 (S.D.N.Y. Sept. 20, 2010) ("The party requesting transfer carries the 'burden of making out a strong case for transfer.'") (internal citation omitted). Spain has failed to carry that burden.

**First**, Petitioners' choice of forum is entitled to significant weight. *See City of Perry v. Procter & Gamble Co.,* No. 15-CV-8051 (JMF), 2016 WL 5416508, at *2 (S.D.N.Y. Sept. 28, 2016) (finding that where the plaintiff's choice of forum has no indicia of forum shopping, "deference to the plaintiff's choice of forum increases") (internal citations omitted). Spain seeks to discount Petitioners' choice of forum by accusing Petitioners of "state court forum-shopping" and of choosing New York for "tactical reasons." Transfer Brief, at 6-7. Simply accusing

4

Petitioners of "forum shopping," however, does nothing to advance the analysis. Spain has not demonstrated that Petitioners engaged in "manipulative or deceptive behavior," or that the District of Columbia is an inherently more appropriate venue than New York. *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 276 (2d Cir. 2008) (acknowledging that "[a]ny lawyer who files a case on behalf of a client must consider which of the available fora might yield some advantage to his client" and that such consideration does not constitute the "manipulative or deceptive behavior" characteristic of forum shopping.). In fact, "[a] party who appropriately files suit in the forum most convenient to [it] to resolve a ripe legal dispute is not engaged in forum shopping." *AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, No. 14-CV-2792 (SAS), 2014 WL 3778200, at *3 (S.D.N.Y. July 30, 2014). Thus, the mere fact that Petitioners selected the New York courts, which are a permissible and appropriate forum under applicable law, does not mean that Petitioners somehow engaged in the "manipulative or deceptive behavior" required to demonstrate potential forum shopping.

*Young v. Starbucks Coffee Co.*, No. 01-cv-4566-GEL, 2002 U.S. Dist. LEXIS 2189, at *5 (S.D.N.Y. Feb. 8, 2002), which Spain analogizes to this case, is inapposite and does not aid in the transfer analysis. In *Young*, a personal injury case, the Court found that the plaintiff had chosen to bring the case in state court in the Bronx – notwithstanding the fact that other U.S. courts would be more convenient for the probable trial witnesses, or are the loci of the incident in question. *See Id.* at *4-5. Thus, the court concluded that the forum was probably chosen because of the "plaintiff-friendly reputation of Bronx jurors." *Id.* at *5. But, even after concluding that this resulted in the plaintiff's choice of forum being entitled to no "controlling weight," the court found that "the Court should favor the convenience of the plaintiff over that of the defendant." *Id*. And, ultimately it denied Starbucks' transfer motion on the basis that the party moving for transfer is "required [to

make a] 'clear cut showing' not merely that [the alternative venue] might be a more logical place for trial, but that 'a transfer is in the best interests of the litigation.'" *Id.* at *7 (citing *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 692 (S.D.N.Y.1994)).

**Second,** Spain has asserted, with nothing to support the claim, that the D.C. federal court is "more familiar with the governing law on the common dispositive issue . . . because there are four prior pending actions against Spain." Transfer Br., at 6. The Petition, however, arises under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention") and Chapter 2 of the Federal Arbitration Act ("FAA") 9 U.S.C. §§ 201 *et seq.,* a body of law that should be very familiar to this Court: The judges of this Court have issued 17 opinions in New York Convention cases in the last 24 months; the Second Circuit has issued four.

Even if familiarity with Spain's arguments were relevant (which it is not), the fact that there are four pending actions before four different judges of the D.C. Court does nothing to show how that court's familiarity with those arguments would foster efficiency. Transfer Br., at 6. Only one of the four cases against Spain that are pending in the D.C. Court arises under the New York Convention; the others involve awards made under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"), and awards rendered under this treaty are subject to a completely different recognition regime. *Compare* 9 U.S.C. § 201 et seq. (New York Convention) *with* 22 U.S.C. § 1650a (ICSID). Spain has not provided any evidence that the D.C. Court has more familiarity with New York Convention cases, and therefore "this factor bears no weight in the transfer analysis." *Gary Friedrich Enters., LLC. v. Marvel Enters., Inc.*, No. 08CIV01533(BSJ)(JCF), 2008 WL 4129640, at *9 (S.D.N.Y. Sept. 4,

2008) (finding that where the moving party fails to demonstrate the proposed forum is more familiar with the governing law, this factor has no weight).

Spain's assertion that it "will seek to consolidate [this proceeding] with *Novenenergia v. Spain*" and potentially the other three existing cases should be met with skepticism. Transfer Br., at 6, fn 1. The four cases against Spain in the D.C. Court have been pending against it for over eight months, and Spain had not heretofore indicated any interest in "consolidating" them. It would appear from this that the only reason Spain would seek to do so now is to undermine Petitioners' choice of a New York forum in this case.

**Finally**, Petitioners note that the summary nature of proceedings under the New York Convention renders the majority of the transfer factors irrelevant. This case will not go to trial, and there will be no witnesses or discovery, so trial efficiency is not implicated. *See Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) (recalling the "summary confirmance" nature of arbitral award enforcement proceedings). Likewise, given that the parties have already engaged in significant rounds of pleadings, it would not be efficient to transfer the case. *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp.3d 421, 441 (S.D.N.Y. 2018) (holding that "the farther along a case is in the litigation process, the less efficient a transfer would be.").

In sum, none of the nine transfer factors outlined in *In re Collins & Aikman Corp. Secs. Litig.*, 438 F. Supp.2d 392, 394 (S.D.N.Y. 2006) weighs in favor of transfer: (1) there are no witnesses; (2) neither party is located in either New York of the District of Columbia, and thus the convenience is the same; (3) there are no documents or sources of proof located in either forum; (4) the locus of operative facts (*i.e.*, the underlying arbitration) is outside both jurisdictions; (5) there are no issues regarding the "process [of] compel[ing] the attendance of unwilling witnesses,"

7

as there are no witnesses; (6) the parties are equally situated to litigate in either forum; (7) both forums are sufficiently familiar with the governing law; (8) Petitioners' choice of forum is entitled to significant weight; and (9) enforcement actions, as summary proceedings, do not give rise to a risk of multiple lengthy trials and, as such, "trial efficiency and the interests of justice" are not an issue. The only relevant factor here is Petitioners' choice of forum. Petitioners' chose to seek to seek recognition of the Award in New York, and this court should not disturb that choice merely because **Spain** would prefer to litigate it elsewhere.

Dated: New York, New York
June 5, 2018

Respectfully submitted,

*/s/ James E. Berger*
James E. Berger

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York, 10036
Tel: 212-556-2202
Fax: 212-556-2222
*jberger@kslaw.com*

*Attorneys for Petitioner*